[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 26, 2011
JOHN LEY
CLERK

No. 10-15302
Non-Argument Calendar

_____

D.C. Docket Nos. 1:09-cv-22372-CMA,
1:07-cr-20214-CMA-2

DARRYL JOHN JENNINGS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 26, 2011)

Before HULL, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Darryl John Jennings, a federal prisoner proceeding *pro se*, appeals the

district court's denial of his motion for sanctions pursuant to Fed. R. Civ. P.

37(b)(2).[1]  Jennings requested sanctions against the clerk of the district court for failing to provide certain documents relating to Jennings's appeal of the denial of his 28 U.S.C. § 2255 motion to vacate.  Specifically, Jennings claims the clerk's failure to deliver two documents Jennings requested was deliberate and violated the integrity of the discovery process.  After reviewing the record and briefs, we affirm the district court.[2]

Under Rule 37, "if a party or a party's officer, director, or managing agent—or a witness . . . fails to obey an order to provide or permit discovery . . . , the court where the action is pending may issue" orders imposing sanctions.  Fed. R. Civ. P. 37(b)(2)(A).  Rule 37 also provides that, unless the failure was justified, the court must order "the disobedient party, the attorney advising that party, or both" to pay expenses.  *Id.* § 37(b)(2)(C).

The district court did not abuse its discretion in dismissing Jennings's motion for sanctions.  Rule 37 does not allow the relief sought by Jennings because the clerk was not a party to the litigation.  Furthermore, the record fully

---

[1]Jennings lists several other issues, including a substantive constitutional claim, under the "Statement of Issues" section in his brief.  He fails to argue these issues in his brief and has thus abandoned them for purposes of this appeal. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (stating that "issues not briefed on appeal by a *pro se* litigant are deemed abandoned.").

[2]We review dismissals under Fed. R. Civ. P. 37 for abuse of discretion.  *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) (per curiam).

supports the conclusion that the clerk complied with the court's orders and provided Jennings with the requested documents.

**AFFIRMED.**